**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10217 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00095-WHA-1 |
| v. | |
| DEAUNTRE MONTGOMERY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted October 22, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Deauntre Montgomery appeals his conviction pursuant to 18 U.S.C. § 922(g)(1) for possessing a firearm and ammunition as a convicted felon and, specifically, the district court's denial of his motion to suppress a handgun discovered during a stop and frisk. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review reasonable suspicion determinations *de novo* and the findings of historical facts underlying that determination for clear error. *United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (en banc) (citation omitted). In doing so, we afford "due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Id*. (quotations and citation omitted).

Defendant concedes that the officers had reasonable suspicion that he had engaged in criminal activity, justifying his initial detention under *Terry v. Ohio*, 392 U.S. 1, 27 (1968). He challenges only whether the officers established reasonable suspicion for the subsequent frisk. We assess the reasonableness of a *Terry* frisk under the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

Here, the district court identified a number of factors supporting the frisk, the most important of which was the two officers' testimony that the defendant's hand and arm movements led them to independently and simultaneously suspect that the defendant was concealing contraband or a weapon. The district court credited their testimony, noting that the differences in their descriptions of the defendant's actions did not make their testimony unreliable. Rather, the court credited the officers' independent and simultaneous conclusions that the movement they saw appeared suspicious and indicated concealment of a weapon or

contraband in the defendant's waistband.  This factor, coupled with the other factors cited by the district court, justified its conclusion that there was reasonable suspicion for the frisk under the totality of the circumstances.  Given the record and the deference we owe to the inferences drawn by the district court and the on-scene officers, *see Vales-Vegas*, 738 F.3d at 1077, there was no reversible error in the district court's decision to deny the suppression motion.

**AFFIRMED.**